■ CLARENCE F. BILHORN et al., Appellants, v WILLIAM FARLOW, JR., et al., Defendants and SMITH KLINE CORPORATION, Sued as SMITH KLINE FRENCH LABORATORIES, Respondent.—Order unanimously modified in accordance with memorandum, and, as modified, affirmed, with costs, to respondent Smith Kline Corporation. Memorandum: Plaintiffs appeal from an order which directs them to comply within 30 days with a prior discovery order made on July 17, 1975 which ordered that plaintiffs produce "all medical records and reports discoverable by law relating to plaintiff Grace M. Bilhorn". The instant order specifically provided that "such compliance to include a report from Dr. Crile relating to his examinations and treatment of plaintiff Grace M. Bilhorn in Cleveland in February, 1972 and January, 1973". The order also granted $300 counsel fees to defendant Smith Kline Corporation and directed that upon failure to comply with its provisions "the complaint shall be stricken". In opposition to defendant's motion one of plaintiffs' attorneys made a general statement of inability to obtain the Crile report. This averment was meaningless, for in the next

paragraph of her affidavit the attorney stated that she had been unable to secure authorization from the plaintiffs to secure the report by reason of inability to locate plaintiffs in Florida. The attorney further stated that she "will supply the same as soon as possible". Another of plaintiffs' attorneys simply stated in his affidavit that he had no reports in his possession which had not been delivered to defendant Smith Kline. Plaintiffs' affidavits fail to show that efforts have been made to secure Dr. Crile's report and that such efforts were frustrated. Dr. Crile's report may have a substantial bearing on the outcome of the action at bar. Special Term on two occasions, with two different Justices presiding, has ordered that plaintiffs produce all medical reports. No appeal was taken from the order of July 17, 1975 and the order appealed from properly provided the penalty of dismissal of the complaint unless Dr. Crile's report is produced. Nothing short of definite proof that Dr. Crile refuses to make his report available can excuse plaintiffs from complying with the order of July 17, 1975 and the instant order. It may require expenditure of money by plaintiffs to secure the report from Cleveland. In the circumstances, we believe that granting $300 counsel fees to defendant Smith Kline Corporation was an improper exercise of discretion and we strike that provision from the instant order. We further direct that plaintiffs shall have 30 days from the entry and service of the order herein in which to secure Dr. Crile's report and furnish it to defendant's attorneys. If it is impossible for plaintiffs to secure the report, they may move at Special Term, if so advised, for such relief as may be appropriate in the circumstances. (Appeal from order of Monroe Supreme Court—dismiss action.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.